1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2700

5  Attorneys for the United States

6

7

8                IN THE UNITED STATES DISTRICT COURT FOR THE

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            2:12-CV-00732-KJM-DAD

12           Plaintiff,

13       v.                             STIPULATION FOR EXPEDITED
                                        SETTLEMENT BETWEEN UNITED
14  REAL PROPERTY LOCATED AT 10027      STATES AND LIEN HOLDER
    SEATTLE SLEW LANE, ELK GROVE        SUNTRUST MORTGAGE, INC.;
15  CALIFORNIA, SACRAMENTO              ORDER
    COUNTY, APN: 127-0940-009-0000,
16  INCLUDING ALL APPURTENANCES
    AND IMPROVEMENTS THERETO,
17
18           Defendant.
19

20

21

22       IT IS HEREBY STIPULATED by and between the United States and claimant

23  Suntrust Mortgage, Inc. (hereafter "claimant"), through their respective counsel, that

24  claimant has a valid pre-existing mortgage lien on the defendant real property

25  described in this Stipulation, which is not contested by the United States.

26       The United States and claimant further stipulate that:

27       1.       Any violation of 18 U.S.C. § 1956(a)(1)(B)(i), 21 U.S.C. §§ 841 *et seq.* or 31

28  U.S.C. §§ 5324(a)(2) and (a)(3) involving the defendant real property located at 10027

                                        1

Seattle Slew Lane, Elk Grove, California, Sacramento County, APN: 127-0940-009-0000, and more fully described in Exhibit A attached hereto and incorporated herein by reference, occurred without claimant's knowledge and consent.

2.      The United States agrees that upon entry of a Default Judgment and Final Judgment of Forfeiture in favor of the United States, through the Internal Revenue Service - Criminal Investigation ("IRS") or its agent(s), shall undertake to sell the defendant real property in a commercially reasonable manner and to sell said property for fair market value (the "Purchase Price").  The following costs and expenses of sale shall be deducted from the Purchase Price and paid directly out of escrow in the following order:

(a)      First, the costs incurred by the IRS to the date of close of escrow, including the cost of posting, service, advertising, and maintenance;

(b)      Second, to the Sacramento County Tax Collector for all real property taxes assessed and unpaid against the defendant real property prorated to the date of entry of the Default Judgment and Final Judgment of Forfeiture;

(c)      Third, the costs and expenses associated with the sale of the defendant real property.

(d)      Fourth, any county transfer taxes.

(e)      Fifth, to claimant as the lender on the deed of trust encumbering the defendant real property, as follows:

(i) All unpaid principal due to claimant under the Promissory Note ("Note") dated April 21, 2010, with the original principal amount of $417,000.00, which is secured by a Deed of Trust dated April 21, 2010, recorded May 3, 2010, as Book 20100503 Page 0469 ("Deed of Trust"), in the Official Records of Sacramento County, California.  As of July 5, 2012, the principal amount owed to claimant pursuant to the Note was $399,340.22.

(ii) All unpaid interest due as of the date of the closing of the sale of the defendant real property at the contractual (not default) rate under the above-

2                            Stipulation for Expedited Settlement; Order

1  referenced Note and Deed of Trust until the date of payment.  Interest will continue to

2  accrue at the current rate of 5.875% per annum;

3  (iii) All fees, costs, and advances, including but not limited to

4  reasonable attorney fees, prepayment fees, taxes and hazard insurance as provided

5  under the terms of the Note and Deed of Trust.  As of July 5, 2012, the total amount

6  owed was $410,855.14 plus interest thereon at a rate of 5.875% per annum or $64.28

7  per diem.

8  3.     The payment to claimant shall be in full settlement and satisfaction of

9  any and all claims by claimant to the defendant real property and all claims resulting

10  from the incidents or circumstances giving rise to this lawsuit.

11  4.     Upon payment in full as set forth above in ¶ 2(e)(i)-(iii), claimant agrees to

12  reconvey its interest in the defendant real property via recordable documents and

13  cause those to be recorded, and to release and hold harmless the United States, and

14  any agents, servants, and employees of the United States, (or any state or local law

15  enforcement agency) acting in their individual or official capacities, from any and all

16  claims by claimant and their agents which currently exist or which may arise as a

17  result of the government's action against the real property.

18  5.     In the event it is determined that the proceeds from the sale of the

19  defendant real property would be insufficient to pay claimant in full as set forth above

20  in ¶ 2(e)(i)-(iii), after the disbursements described above are made in ¶ 2 (a)-(d), the

21  United States agrees to release its interest in the defendant real property and consent

22  to the exercise of claimant's state law rights to foreclose upon its deed of trust which

23  secures the obligation to claimant.  The United States shall not enter into a binding

24  agreement to sell the defendant real property unless the proceeds of such sale are

25  sufficient to pay claimant in full as set forth above in ¶ 2(e)(i)-(iii), unless claimant

26  otherwise consents in writing.

27  6.     Claimant agrees not to pursue against the United States any other rights

28  that it may have under the mortgage instrument, including, but not limited to, the

Stipulation for Expedited Settlement; Order

1    right to initiate a foreclosure action without the consent of the U.S. Attorney's Office or

2    this Court.

3           7.     Claimant has informed the United States that the loan is currently in

4    default.  Claimant agrees to join any government motions for interlocutory or

5    stipulated sale of the defendant real property if the proceeds of such sale will be

6    sufficient to pay claimant in full as set forth in paragraph 2(e)(i)-(iii), and agrees to

7    either join or not oppose, at its discretion, any motions to remove occupants from the

8    property for nonpayment of mortgage or rent, destruction of property, or other just

9    cause.

10          8.     Claimant understands and agrees that by entering into this Stipulation

11   regarding its interest in the defendant real property, it waives any rights to further

12   litigate against the United States concerning its interest in the defendant real property

13   and to petition for remission or mitigation of the forfeiture.  Unless otherwise provided

14   by this Stipulation or specifically directed by order of this Court, claimant is hereby

15   excused and relieved from further participation in this action.

16          9.     Claimant understands and agrees that the United States reserves the

17   right to void the expedited settlement agreement if, before payment of the mortgage or

18   lien, the U.S. Attorney obtains new information indicating that the mortgagee or lien

19   holder is not an "innocent owner" or "bona fide purchaser" pursuant to applicable

20   forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to

21   terminate the forfeiture at any time and release the subject property.  In either event,

22   the United States shall promptly notify the mortgagee or lien holder of such action.  A

23   discretionary termination of forfeiture shall not be a basis for any award of fees under

24   28 U.S.C. § 2465.

25          10.    The parties agree to execute further documents, to the extent necessary,

26   to convey clear title to the defendant real property to the United States and to further

27   implement the terms of this Stipulation.

28

1      11.     The terms of this Stipulation are contingent upon forfeiture of the

2   defendant real property to the United States and the Court's entry of a Default

3   Judgment and Final Judgment of Forfeiture.

4      12.     There are no other terms or conditions other than those specified within.

5   Dated: 7/12/12                    BENJAMIN B. WAGNER

6                                United States Attorney

7

8                          By: /s/ Kevin C. Khasigian
                                KEVIN C. KHASIGIAN

9                                Assistant U.S. Attorney

10

11

12   Dated: 7/12/12                 By: /s/ Bryan M. Leifer
                                BRYAN M. LEIFER

13                                Attorney for claimant
                                Suntrust Mortgage, Inc.

14

15                            (Signature retained by attorney)

16

17                              **ORDER**

18      This Stipulation for Expedited Settlement is hereby APPROVED.

19   Dated:  July 17, 2012.

20

21

22                            UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

            Stipulation for Expedited Settlement; Order

**Exhibit A**
(Real property located at 10027 Seattle Slew Lane, Elk Grove,
California, Sacramento County)

PARCEL ONE:

LOT 40, AS SHOWN ON THE PLAT OF SUBDIVISION NO. 00.025.3 OF
VAN RUITEN RANCH UNIT 2", FILED NOVEMBER 10, 2003, IN
BOOK 321 OF MAPS, MAP NO. 8, RECORDS OF SACRAMENTO
COUNTY.

PARCEL TWO:

A RIGHT OF WAY (NOT TO BE EXCLUSIVE), FOR USE AS A
ROADWAY FOR VEHICLES OF ALL KINDS, PEDESTRIANS AND
ANIMALS, FOR WATER, GAS, OIL AND SEWER PIPE LINES, AND
FOR TELEPHONE, CABLE, ELECTRIC LIGHT AND POWER LINES,
TOGETHER WITH NECESSARY POLES OR UNDERGROUND
CONDUITS TO CARRY SAID LINES, OVER, UNDER AND UPON
"SEABISCUIT LANE, VAN RUITEN LANE, NATIVE DANCER LANE,
SEATTLE SLEW LANE, SECRETARIAT LANE AND KEAWE LANE",
AS SHOWN ON SAID FILED MAP.

APN: 127-0940-009-0000

Stipulation for Expedited Settlement; Order