BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 10027 SEATTLE SLEW LANE, ELK GROVE CALIFORNIA, SACRAMENTO COUNTY, APN: 127-0940-009-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>    Defendant. | 2:12-CV-00732-KJM-DAD<br><br>STIPULATION FOR EXPEDITED SETTLEMENT BETWEEN UNITED STATES AND LIEN HOLDER SUNTRUST MORTGAGE, INC.; ORDER |

    IT IS HEREBY STIPULATED by and between the United States and claimant Suntrust Mortgage, Inc. (hereafter "claimant"), through their respective counsel, that claimant has a valid pre-existing mortgage lien on the defendant real property described in this Stipulation, which is not contested by the United States.

    The United States and claimant further stipulate that:

    1.    Any violation of 18 U.S.C. § 1956(a)(1)(B)(i), 21 U.S.C. §§ 841 *et seq.* or 31 U.S.C. §§ 5324(a)(2) and (a)(3) involving the defendant real property located at 10027

Seattle Slew Lane, Elk Grove, California, Sacramento County, APN: 127-0940-009-0000, and more fully described in Exhibit A attached hereto and incorporated herein by reference, occurred without claimant's knowledge and consent.

2. The United States agrees that upon entry of a Default Judgment and Final Judgment of Forfeiture in favor of the United States, through the Internal Revenue Service - Criminal Investigation ("IRS") or its agent(s), shall undertake to sell the defendant real property in a commercially reasonable manner and to sell said property for fair market value (the "Purchase Price"). The following costs and expenses of sale shall be deducted from the Purchase Price and paid directly out of escrow in the following order:

(a) First, the costs incurred by the IRS to the date of close of escrow, including the cost of posting, service, advertising, and maintenance;

(b) Second, to the Sacramento County Tax Collector for all real property taxes assessed and unpaid against the defendant real property prorated to the date of entry of the Default Judgment and Final Judgment of Forfeiture;

(c) Third, the costs and expenses associated with the sale of the defendant real property.

(d) Fourth, any county transfer taxes.

(e) Fifth, to claimant as the lender on the deed of trust encumbering the defendant real property, as follows:

(i) All unpaid principal due to claimant under the Promissory Note ("Note") dated April 21, 2010, with the original principal amount of $417,000.00, which is secured by a Deed of Trust dated April 21, 2010, recorded May 3, 2010, as Book 20100503 Page 0469 ("Deed of Trust"), in the Official Records of Sacramento County, California. As of July 5, 2012, the principal amount owed to claimant pursuant to the Note was $399,340.22.

(ii) All unpaid interest due as of the date of the closing of the sale of the defendant real property at the contractual (not default) rate under the above-

referenced Note and Deed of Trust until the date of payment.  Interest will continue to accrue at the current rate of 5.875% per annum;

(iii) All fees, costs, and advances, including but not limited to reasonable attorney fees, prepayment fees, taxes and hazard insurance as provided under the terms of the Note and Deed of Trust.  As of July 5, 2012, the total amount owed was $410,855.14 plus interest thereon at a rate of 5.875% per annum or $64.28 per diem.

3.  The payment to claimant shall be in full settlement and satisfaction of any and all claims by claimant to the defendant real property and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

4.  Upon payment in full as set forth above in ¶ 2(e)(i)-(iii), claimant agrees to reconvey its interest in the defendant real property via recordable documents and cause those to be recorded, and to release and hold harmless the United States, and any agents, servants, and employees of the United States, (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by claimant and their agents which currently exist or which may arise as a result of the government's action against the real property.

5.  In the event it is determined that the proceeds from the sale of the defendant real property would be insufficient to pay claimant in full as set forth above in ¶ 2(e)(i)-(iii), after the disbursements described above are made in ¶ 2 (a)-(d), the United States agrees to release its interest in the defendant real property and consent to the exercise of claimant's state law rights to foreclose upon its deed of trust which secures the obligation to claimant.  The United States shall not enter into a binding agreement to sell the defendant real property unless the proceeds of such sale are sufficient to pay claimant in full as set forth above in ¶ 2(e)(i)-(iii), unless claimant otherwise consents in writing.

6.  Claimant agrees not to pursue against the United States any other rights that it may have under the mortgage instrument, including, but not limited to, the

1  right to initiate a foreclosure action without the consent of the U.S. Attorney's Office or
2  this Court.

3      7.    Claimant has informed the United States that the loan is currently in
4  default.  Claimant agrees to join any government motions for interlocutory or
5  stipulated sale of the defendant real property if the proceeds of such sale will be
6  sufficient to pay claimant in full as set forth in paragraph 2(e)(i)-(iii), and agrees to
7  either join or not oppose, at its discretion, any motions to remove occupants from the
8  property for nonpayment of mortgage or rent, destruction of property, or other just
9  cause.

10      8.    Claimant understands and agrees that by entering into this Stipulation
11  regarding its interest in the defendant real property, it waives any rights to further
12  litigate against the United States concerning its interest in the defendant real property
13  and to petition for remission or mitigation of the forfeiture.  Unless otherwise provided
14  by this Stipulation or specifically directed by order of this Court, claimant is hereby
15  excused and relieved from further participation in this action.

16      9.    Claimant understands and agrees that the United States reserves the
17  right to void the expedited settlement agreement if, before payment of the mortgage or
18  lien, the U.S. Attorney obtains new information indicating that the mortgagee or lien
19  holder is not an "innocent owner" or "bona fide purchaser" pursuant to applicable
20  forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to
21  terminate the forfeiture at any time and release the subject property.  In either event,
22  the United States shall promptly notify the mortgagee or lien holder of such action.  A
23  discretionary termination of forfeiture shall not be a basis for any award of fees under
24  28 U.S.C. § 2465.

25      10.    The parties agree to execute further documents, to the extent necessary,
26  to convey clear title to the defendant real property to the United States and to further
27  implement the terms of this Stipulation.

28

11. The terms of this Stipulation are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a Default Judgment and Final Judgment of Forfeiture.

12. There are no other terms or conditions other than those specified within.

Dated: 7/12/12

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 7/12/12

By: /s/ Bryan M. Leifer
BRYAN M. LEIFER
Attorney for claimant
Suntrust Mortgage, Inc.

(Signature retained by attorney)

## ORDER

This Stipulation for Expedited Settlement is hereby APPROVED.

Dated: July 17, 2012.

_____
UNITED STATES DISTRICT JUDGE

## Exhibit A
(Real property located at 10027 Seattle Slew Lane, Elk Grove, California, Sacramento County)

PARCEL ONE:

LOT 40, AS SHOWN ON THE PLAT OF SUBDIVISION NO. 00.025.3 OF VAN RUITEN RANCH UNIT 2", FILED NOVEMBER 10, 2003, IN BOOK 321 OF MAPS, MAP NO. 8, RECORDS OF SACRAMENTO COUNTY.

PARCEL TWO:

A RIGHT OF WAY (NOT TO BE EXCLUSIVE), FOR USE AS A ROADWAY FOR VEHICLES OF ALL KINDS, PEDESTRIANS AND ANIMALS, FOR WATER, GAS, OIL AND SEWER PIPE LINES, AND FOR TELEPHONE, CABLE, ELECTRIC LIGHT AND POWER LINES, TOGETHER WITH NECESSARY POLES OR UNDERGROUND CONDUITS TO CARRY SAID LINES, OVER, UNDER AND UPON "SEABISCUIT LANE, VAN RUITEN LANE, NATIVE DANCER LANE, SEATTLE SLEW LANE, SECRETARIAT LANE AND KEAWE LANE", AS SHOWN ON SAID FILED MAP.

APN: 127-0940-009-0000